Ronald L. Yin (Bar No. 063266)
ronald.yin@dlapiper.com
Michael G. Schwartz (Bar No. 197010)
michael.schwartz@dlapiper.com
Erik R. Fuehrer (Bar No. 252578)
erik.fuehrer@dlapiper.com
DLA Piper LLP (US)
2000 University Avenue
East Palo Alto, CA 94303-2214
Tel: 650.833.2000
Fax: 650.833.2001

Attorneys for Plaintiff
Greenliant Systems, Inc.

Kimberly P. Zapata (Bar No. 138291)
kzapata@beckross.com
Beck, Ross, Bismonte & Finley LLP
50 W. San Fernando Street, Suite 1300
San Jose, CA 95113
Tel: (408) 938-7900
Fax: (408) 938-0790

Attorneys for Defendant
Xicor LLC

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| GREENLIANT SYSTEMS, INC.<br><br>　　　　　Plaintiff,<br><br>v.<br><br>XICOR LLC.<br><br>　　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. CV 11-00631 MHP<br><br>**STIPULATED REQUEST TO DISMISS PLAINTIFF'S CLAIMS RELATED TO CLAIMS 1-11 OF U.S. PATENT NO. RE38,370 AND ENTER JUDGMENT ON CLAIMS 12 & 13 OF US PATENT NO. RE38,370**<br><br>**[Civil Local Rule 7-12]** |

---

**STIPULATED REQUEST TO DISMISS CLAIMS 1-11 AND ENTER JUDGMENT ON CLAIMS 12 & 13 OF U.S. PATENT NO. RE38,370**    CASE NO. CV 11-0631 MHP

Pursuant to Local Rule 7-12 of the United States District Court for the Northern District of California, Plaintiff Greenliant Systems, Inc. ("Greenliant") and Defendant Xicor LLC ("Xicor") stipulate and agree to dismiss Greenliant's claims for declaratory relief related to claims 1-11 of U.S. Patent No. RE38,370 (the "'370 patent") and that the Court's Memorandum & Order entered on March 21, 2011 in *Silicon Storage Technology, Inc. v. Xicor LLC*, No. CV 10-1515 (Dkt. No. 76) (the "March 21 Order"), granting Silicon Storage Technology, Inc.'s summary judgment motion should apply equally in this case.

## STIPULATION

WHEREAS, Greenliant filed this action on February 11, 2011 seeking a declaratory judgment of non-infringement and invalidity of all claims of the '370 patent.

WHEREAS, on March 1, 2011, Greenliant agreed to be bound by the results of the cross-motions for summary judgment filed in *Silicon Storage Technology, Inc. v. Xicor LLC*, No. CV 10-1515 regarding whether claims 12 and 13 of the '370 patent were invalid under the rule against recapture.

WHEREAS, on March 7, 2011, the Court in *Silicon Storage Technology, Inc. v. Xicor LLC*, No. CV 10-1515 held a hearing on the cross-motions for summary judgment.

WHEREAS, on March 21, 2011, the Honorable Judge Patel entered summary judgment that claims 12 and 13 of the '370 patent were invalid under the rule against recapture in the March 21 Order.

WHEREAS, on June 1, 2011 Xicor covenanted as follows:

> Xicor LLC ("Xicor"), on behalf of itself and any successors-in-interest to U.S. Patent No. RE38,370 (the "'370 patent), unconditionally covenants not to sue Greenliant Systems Inc., ("Greenliant"), or its successors-in-interest, for infringement of claims 1-11 of the '370 patent based on Greenliant's past, present, and future manufacture, having manufactured, importation, use, sale and/or offer for sale of any product or process of Greenliant that

**STIPULATED REQUEST TO DISMISS CLAIMS 1-11 AND ENTER JUDGMENT ON CLAIMS 12 & 13 OF U.S. PATENT NO. RE38,370**   CASE NO. CV 11-0631 MHP

exists on or before the date of this covenant. Further, the foregoing covenant not to sue on claims 1-11 of the '370 patent extends to any past, present, and future distributors, customers, suppliers, and manufacturers of any product or process that was manufactured, having manufactured, used, sold, offered for sale, or imported by Greenliant on or before the date of this covenant, but only to the extent that: (a) such suit is based on the making, use, distribution, sale or offer to sale of a Greenliant product or process that exists on or before this covenant was made, or (b) such suit is based on a combination of a current Greenliant product or process and one or more non-Greenliant products or process, such that a combination would not constitute direct or indirect infringement of the '370 patent absent the Greenliant product or process. This covenant also extends to Greenliant Systems, Ltd. and its subsidiaries and their past, present, and future customers, but only to the extent of their involvement, if any, in the manufacture, having manufactured, importation, use, sale, and/or offer for sale of a currently existing Greenliant product or process. This covenant shall automatically bind all successors to and any future assignees of the '370 patent.

WHEREAS, the parties agree that, because of Xicor's covenant not to sue Greenliant on claims 1-11, no substantial controversy currently exists between the parties regarding claims 1-11 of the '370 patent.

IT IS THEREFORE STIPULATED BY AND AMONG THE PARTIES THROUGH THEIR RESPECTIVE COUNSEL AS FOLLOWS:

The Court should dismiss Greenliant Systems, Inc.'s claims for declaratory judgment relief of noninfringement and invalidity that relate to claims 1-11 of the '370 patent.

Because the parties agreed to be bound by the results of the cross-motions for summary judgment filed in *Silicon Storage Technology, Inc. v. Xicor LLC*, No. CV 10-1515, on that basis, the parties stipulate that the March 21 Order applies equally in this case and should be entered herein.

Accordingly, entry of the March 21 Order in this case resolves Greenliant System, Inc.'s claims for declaratory judgment relief of noninfringement and invalidity of claims 12 and 13 of

| | |
|---|---|
| **STIPULATED REQUEST TO DISMISS CLAIMS 1-11 AND ENTER JUDGMENT ON CLAIMS 12 & 13 OF U.S. PATENT NO. RE38,370** | CASE NO. CV 11-0631 MHP |

the '370 patent. As such, the parties agree that the Court may proceed to enter final judgment in this case.

Xicor LLC expressly reserves, and by this stipulation does not in any respect waive, the right to file an appeal from any judgment entered in this matter. Xicor specifically reserves all rights to contest on appeal any and all factual or legal findings of the Court's March 21 Order, and to urge or contest on appeal any basis for reversal of the March 21 Order. Greenliant expressly reserves all rights to argue on appeal any basis for dismissal of the appeal and affirmance of the March 21 Order.

To the extent that SST moves to intervene in this case either before entry of judgment or after appeal, Greenliant by making this stipulation does not waive any right it may have to support such intervention.

Respectfully submitted by:

| **SHORE CHAN BRAGALONE DEPUMPO LLP** | **DLA PIPER LLP (US)** |
|---|---|
| */s/ Jeffrey R. Bragalone* | */s/ Ronald L. Yin* |
| Jeffrey R. Bragalone | Ronald L. Yin |
| Attorneys for Defendant | Attorneys for Plaintiff |
| Xicor LLC | Greenliant Systems, Inc. |
| Date: June 6, 2011 | Date: June 6, 2011 |

**STIPULATED REQUEST TO DISMISS CLAIMS 1-11 AND ENTER JUDGMENT ON CLAIMS 12 & 13 OF U.S. PATENT NO. RE38,370**      CASE NO. CV 11-0631 MHP

**PURSUANT TO THE STIPULATION, IT IS SO ORDERED**

June  22 , 2011

_____
~~Patel~~ Edward M. Chen
~~United States District Judge~~

IT IS SO ORDERED AS MODIFIED
Judge Edward M. Chen

Pursuant to General Order No. 45, Section X (B) regarding signatures, I, Jeffrey R. Bragalone, attest that concurrence in the filing of this document has been obtained.

By: */s/ Jeffrey R. Bragalone*
Jeffrey R. Bragalone

**STIPULATED REQUEST TO DISMISS CLAIMS 1-11 AND ENTER JUDGMENT ON CLAIMS 12 & 13 OF U.S. PATENT NO. RE38,370**

CASE NO. CV 11-0631 MHP