PAGES 1 - 18

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE MARILYN HALL PATEL, JUDGE

GREENLIANT SYSTEMS, INC.      )
                              )
          PLAINTIFF,          )
                              )
  VS.                         )          NO. C 11-0631 MHP
                              )
XICOR, LLC,                   )
                              )
          DEFENDANT.          )
_____)

                              SAN FRANCISCO, CALIFORNIA
                              MONDAY, MAY 23, 2011

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

FOR PLAINTIFF:           DLA PIPER LLP
                         2000 UNIVERSITY AVENUE
                         EAST PALO ALTO, CA  94303
                    BY:  **MICHAEL GERALD SCHWARTZ**
                         **ERIK FUEHRER**
                         **ATTORNEYS AT LAW**




FOR DEFENDANT:           SHORE CHAN BRAGALONE DE PUMPO
                         901 MAIN STREET
                         SUITE 3300
                         DALLAS, TX  75202
                    BY:  **JEFFREY R. BRAGALONE**
                         **ATTORNEY AT LAW**



REPORTED BY:           JAMES YEOMANS, CSR 4039, RPR
                       OFFICIAL REPORTER

              COMPUTERIZED TRANSCRIPTION BY ECLIPSE

MONDAY, MAY 23, 2011                         2:00 P.M.

(THE FOLLOWING PROCEEDINGS WERE HEARD IN OPEN COURT:)

THE CLERK:  CIVIL 11-0631, GREENLIANT SYSTEMS, INC. VERSUS XICOR LLC.

MR. SCHWARTZ:  GOOD AFTERNOON.

MICHAEL SCHWARTZ WITH DLA PIPER ON BEHALF OF PLAINTIFF GREENLIANT, WITH ME MY COLLEAGUE ERIK FUEHRER.

THE COURT:  GOOD AFTERNOON.

MR. BRAGALONE:  GOOD AFTERNOON, YOUR HONOR.

JEFF BRAGALONE OF SHORE CHAN BRAGALONE DE PUMPO ON BEHALF OF DEFENDANT XICOR.

THE COURT:  GOOD AFTERNOON.

SO I'M NOT QUITE CLEAR -- COME UP TO -- UP HERE, PLEASE, BOTH OF YOU.  I'LL TALK TO BOTH OF YOU AT THE SAME TIME.

HAS AN APPEAL BEEN FILED OR IS ONE BEING FILED IN THIS CASE?

MR. BRAGALONE:  NO, YOUR HONOR.  AS THE COURT MAY RECALL FROM TWO WEEKS AGO --

THE COURT:  THERE ARE SOME OTHER CLAIMS?

MR. BRAGALONE:  THERE ARE CLAIMS 1 THROUGH 11 IN CONTRAST HERE.  THERE'S BEEN A COVENANT NOT TO SUE ISSUED BY MY CLIENT TO GREENLIANT ON CLAIMS 1 THROUGH 11.

SO WE BELIEVE THAT THIS IS READY AND RIPE FOR APPEAL. JUST REQUIRES THE ENTRY OF THE COURT'S ORDER, WHICH GREENLIANT

ALREADY AGREED TO BE BOUND BY.

THE COURT: WELL, YOU AGREE THAT YOU DON'T HAVE TO RE-LITIGATE 12 AND 13?

MR. SCHWARTZ: YES, YOUR HONOR.

THE COURT: AND WHAT ARE -- YOU'RE CONCERNED THAT THERE'S SOME LOOSENESS TO THIS COVENANT NOT TO SUE THAT YOU CAN'T BUY INTO?

MR. SCHWARTZ: PRECISELY, YOUR HONOR.  THERE ARE, AT LEAST, FOUR DIFFERENT WAYS IN WHICH WE BELIEVE THE COVENANT NOT TO SUE DETECTABLE UNDER THE LAW AS A PRACTICAL MATTER.

WHILE IT USES THE WORD, FOR EXAMPLE, CONDITIONAL, UNCONDITIONAL, WHICH IS A VERY IMPORTANT WORD IN THE LAW OF COVENANT NOT TO SUE IN LICENSING, IT ACTUALLY CONTAIN -- CONDITIONED IT, ALSO CONTAINS AMBIGUITY, AMBIGUITY ABOUT WHICH RELATED AFFILIATES OF GREENLIANT ARE PROTECTED BY THE COVENANT NOT TO SUE.

IT INCLUDES AMBIGUITIES AS TO PRECISELY WHAT PRODUCTS OF GREENLIANT WILL BE PROTECTED BY THE COVENANT NOT TO SUE.

IT ALSO IS UNCLEAR SPECIFICALLY AS TO WHICH ACTIVITIES ARE PROTECTED.  THIS IS A VERY IMPORTANT ISSUE BECAUSE GREENLIANT HAS ITS PRODUCTS MADE FOR IT.

AND EVEN THE JANSSEN CASE, ALTHOUGH, WE'RE NOT HERE IN A FULL LAW AND MOTION, EVEN THE JANSSEN CASE CITED IN XICOR'S PORTION OF THE CASE MANAGEMENT CONFERENCE STATEMENT THAT SAYS, HAVE MADE RIGHTS INCLUDED WITHIN COVENANT NOT TO SUE.

THE COVENANT NOT TO SUE IN THE CASE EXPRESSLY INCLUDE HAVE MADE RIGHTS.  THERE'S SOME VERY BASIC DRAFTING SOLUTION IN A NORMAL COVENANT TO SOLVE THE PROBLEMS WE HAVE.

**THE COURT:**  YOU JUST SAID A MAGIC WORD, NEGOTIATIONS.  IS THERE ANYWAY OF GETTING THESE HOLES FILLED, TO THE EXTENT THAT PLAINTIFFS BELIEVE THERE ARE HOLES IN IT?

**MR. BRAGALONE:**  YOUR HONOR, WE HAVEN'T BROACHED THAT SUBJECT.  HOWEVER, THERE ARE NO HOLES.  WE FOLLOWED THE CASE LAW TO THE TEE.

AND, IN FACT, THE CASE LAW IS VERY EXPLICIT THAT A COVENANT NOT TO SUE DIVESTS THIS COURT OF JURISDICTION, AS LONG AS IT'S COVENANTS NOT TO SUE THE PLAINTIFF PERIOD.

NOW, IN THIS CASE ESPECIALLY EXCEPTIONS HAVE BEEN HELD WHERE THERE'S BEEN LITIGATION THAT HAS PROCEEDED ON CLAIMS AND THERE'S ACTUALLY BEEN ASSERTIONS ON THOSE CLAIMS.

MY CLIENT HAS NEVER EVER ASSERTED CLAIMS 1 THROUGH 11 AGAINST GREENLIANT, IT NEVER ASSERTED A COUNTERCLAIM, ALTHOUGH HAD THE OPPORTUNITY TO IN ITS ANSWER ON CLAIMS 1 THROUGH 11.

IT ALWAYS STATED THAT IT WAS PROVIDING AN UNCONDITIONAL COVENANT NOT TO SUE IN THIS, INCLUDES EVERYONE INVOLVED IN THE MANUFACTURER OF XICOR, I'M SORRY, ANY GREENLIANT PRODUCTS, IT'S VERY EXPLICIT, SO.

**THE COURT:**  DOES THIS INCLUDE IF THERE ARE, AND I DON'T KNOW IF THERE ARE, SUBSIDIARIES, A PARENT COMPANY IS WHAT GREENLIANT SYSTEMS IS, THE PARENT COMPANY?

**MR. SCHWARTZ:** IT IS NOT, YOUR HONOR.

**THE COURT:** WHAT IS THE PARENT COMPANY?

**MR. SCHWARTZ:** IT IS NOT. WELL, IT'S ACTUALLY A PRETTY COMPLICATED CORPORATE STRUCTURE, WHICH IS AN ISSUE THAT HASN'T COME TO BEAR BECAUSE WE HAVEN'T GOTTEN THAT FAR IN THE CASE.

IT'S ACTUALLY OWNED, I BELIEVE, BY GREENLIANT SYSTEMS LIMITED, WHICH IS ITSELF OWNED BY A DIFFERENT HOLDING COMPANY. I APOLOGIZE, YOUR HONOR, IT'S IN OUR STATEMENT. I DON'T HAVE IT IN FRONT OF ME AND IN OUR CORPORATE DISCLOSURE STATEMENT.

**THE COURT:** I DON'T KNOW IF I HAVE THAT OR NOT. I HAVE ONLY THE CHAMBER'S FILE.

**MR. SCHWARTZ:** IN ANY EVENT, IT IS HELD BY ANOTHER HOLDING COMPANY. KAF CAPITAL LLC.

**THE COURT:** I SAW THAT SOMEWHERE. DOES COVENANT NOT TO SUE INCLUDE OR CAN IT INCLUDE ALL OF THOSE OTHER ENTITIES, FOR EXAMPLE?

**MR. BRAGALONE:** YOUR HONOR, IT DOES BECAUSE WHAT IT DOES COVER IS ANYONE WHO WAS INVOLVED IN THE MANUFACTURING PROCESS. THE KEY HERE, THERE'S NO ALLEGATION WHATSOEVER THAT ANY PARENT OF GREENLIANT IS EVEN INVOLVED IN THE MANUFACTURING PROCESS.

THEY'RE CERTAINLY NOT A PLAINTIFF HERE, CERTAINLY DIDN'T APPROACH THE COURT AND SEEK A DECLARATORY JUDGMENT BECAUSE THEY WERE INVOLVED IN THE MANUFACTURING PROCESS.

BUT EVEN IF THEY ARE, IN SOME REMOTE AND, PERHAPS, UNFORESEEABLE WAY THEY'RE COVERED IN HERE, THAT'S EXACTLY WHAT THE JANSSEN CASE SAID.

THE JANSSEN CASE SAID THAT BECAUSE IT COVERS ALL PARTIES WHO HAVE BEEN IN THE MANUFACTURING PROCESS, AND I CAN QUOTE FROM IT, IT EXPLICITLY COVERS AFFILIATES, SO --

**THE COURT:**  HOW ABOUT THIRD-PARTIES?

**MR. SCHWARTZ:**  AND SO --

**MR. BRAGALONE:**  ABSOLUTELY, YOUR HONOR.  IT SAYS, IN FACT, THE FOREGOING COVENANT NOT TO SUE ON CLAIMS 1 THROUGH 11 OF THE '370 PATENT EXTENDS TO ANY PAST, PRESENT AND FUTURE DISTRIBUTORS, CUSTOMERS, SUPPLIERS AND MANUFACTURERS OF ANY PRODUCT OR PROCESS THAT WAS MADE, SOLD OR OFFERED FOR SALE BY GREENLIANT ON OR BEFORE THE DATE OF THIS COVENANT.

THEN IT GOES ON, SAYS, TO THE EXTENT THAT SUCH SUIT IS BASED ON THE MAKING, USE, DISTRIBUTION, SALE OR OFFER FOR SALE OF A GREENLIANT PRODUCT OR PROCESS THAT EXISTS ON OR BEFORE THIS DATE OF THE COVENANT OR, B, SUCH SUIT IS BASED ON A COMBINATION OF ON CURRENT GREENLIANT PRODUCT OR PROCESS, ONE OR MORE NON-GREENLIANT PROCESS OR PRODUCTS, SUCH A COMBINATION WOULD NOT CONSTITUTE DIRECT OR INDIRECT INFRINGEMENT OF THE '370 PATENT, ABSENT THE GREENLIANT PRODUCT OR PROCESS.

**THE COURT:**  WHAT IS MISSING FROM THIS?

WHAT DO YOU WANT IT TO SAY?

**MR. SCHWARTZ:**  WELL, YOUR HONOR, IF I MAY.  FIRST OF

ALL, AS I ALLUDED EARLIER IN THE JANSSEN CASE, THE COVENANT NOT TO SUE SAYS AND I QUOTE, "UNCONDITIONALLY COVENANTS NOT TO SUE OR OTHERWISE SEEKS TO HOLD APEX LIABLE BASED ON PAST MANUFACTURING, HAVING MANUFACTURING, IMPORTATION, DISTRIBUTION USE, SALE AND/OR OFFERING FOR SALE OF A RISPERDAL SOLUTION, R-I-S-P-E-R-D-A-L, SOLUTION, 1 MILLIGRAM OR MILLILITER THAT ARE DESCRIBED." AND IT GOES ON, THAT'S THE COVENANT NOT TO SUE.

SIMILARLY, JANSSEN WOULD NOT SUE OR OTHERWISE SEEK TO HOLD APEX'S PAST CUSTOMERS, DISTRIBUTORS LIABLE BASED UPON THE IMPORTATION, REDISTRIBUTION, USE, SALE AND/OR OFFERING FOR SALE, ET CETERA.

AND YOUR HONOR, THE COURT'S REASONING HERE --

**THE COURT:** WHAT DO YOU WANT THIS ONE TO SAY?  WHAT DO YOU WANT IT TO SAY?

**MR. SCHWARTZ:** I WOULD HAVE MADE RIGHTS IN THERE, THERE ARE OTHER ISSUES HERE.  I WANT TO HAVE MANUFACTURER RIGHTS IN THERE.  I WANT TO MAKE ABSOLUTELY CLEAR THAT ALL CORPORATE AFFILIATES, INCLUDING PROGENY, PARENTS ARE INCLUDED WITHIN THAT COVENANT NOT TO SUE.

AND, YOUR HONOR, IF I MAY, THE OTHER ISSUE, WHICH IS AN ISSUE UNDER COVENANT NOT TO SUE, WHICH WERE WE TO NEGOTIATE THIS, IS IT ABSOLUTELY CLEAR UNDER MEDIMMUNE THEIR DOWNSTREAM PRODUCTS AND SALES ARE EXHAUSTED BY A COVENANT NOT TO SUE.

IT IS ALSO CLEAR THAT WHEN YOU HAVE A LICENSE THAT LICENSE PASSES WITH THE PATENT.  HOWEVER, A COVENANT NOT TO SUE

IS PERSONAL AND THE LAW IS ABSOLUTELY UNSETTLED, BUT THE COVENANT NOT TO SUE CAN AND WILL TRANSFER WITH THE OWNERSHIP OF THE PATENT.

AND MANY COMPANIES OUT THERE WHEN THEY NEGOTIATE COVENANTS NOT TO SUE MAKE THAT EXPRESS IN CONTRACT.  THERE ARE WELL KNOWN EXAMPLES OF COMPANIES THAT WILL REQUIRE A COVENANT NOT TO SUE IMMEDIATELY CONVERT INTO A LICENSE IMMEDIATELY BEFORE THE SALES OR TRANSFER ASSIGNMENT OF THAT COVENANT NOT TO SUE.

SO WE WANT TO KNOW THAT WE'RE NOT GOING TO BE PART OF A BAIT AND SWITCH HERE.  THAT'S IN PART WHAT GREENLIANT WANTS TO KNOW EVERY STEP OF THE WAY, THAT'S WHAT WE'D ULTIMATELY BE CONCERNED ABOUT.

MAYBE WE'RE MISREADING THE TEA LEAVES.  THAT APPEARS TO BE WHY THERE'S SUCH RESISTANCE TO BASIC CONTRACT NEGOTIATIONS.  WE HAVE LAWYERS DO THIS ON A DAILY BASIS, NEGOTIATE THE FINE PARTS OF THESE COVENANTS NOT TO SUE RATHER THAN NOT LEAVE ANY AMBIGUITY.

THERE'S ALSO AMBIGUITY WHAT THE MEANING OF WHAT'S A GREENLIANT PROCESS HERE, NOT DEFINED IN HERE.  WE WOULD NEVER, NEVER IN A LICENSE OR CONTRACT WE NEGOTIATED ALLOW THAT TYPE OF AMBIGUITY TO OCCUR AND THAT COULD PLAY A VERY IMPORTANT ROLE DOWN THE ROAD.

THERE'S A MAJOR ISSUE HERE WHICH THE COURT MAYBE FAMILIAR WITH FROM THIS CASE, BUT THE CRUX OF THE CLAIM HERE

ACTUALLY INVOLVES SOME SST TECHNOLOGY THAT GOES FROM THE GREENLIANT CHIPS. IT'S A BLACK BOX TO GREENLIANT AND THAT IS WHAT, AS I UNDERSTAND IT, THE CLAIMS OF THE PATENT ARE DIRECTED TO.

AND THERE'S AN ISSUE AS TO WHETHER THAT'S A GREENLIANT PROCESS AND WHETHER OR NOT -- IF THAT PART OF THE GREENLIANT PRODUCT DOESN'T CHANGE DOWN THE ROAD WE'RE PROTECTED OR NOT, A FINDING OF NON-INFRINGEMENT TO THAT PROCESS SURE WOULD.

THAT'S WHY WE BELIEVE THERE'S STILL A CONTROVERSY HERE, BUT APPROPRIATE ORDER COVENANT NOT TO SUE CAN SOLVE ALL THOSE PROBLEMS.

**THE COURT:** WELL, A FINDING OF NON-INFRINGEMENT ONLY COVER WHAT, GREENLIANT, RIGHT?

**MR. SCHWARTZ:** YOUR HONOR, IT WOULD COVER, IF IT'S THAT SAME PROCESS THAT'S USED IN THE PRODUCT XICOR WOULD HAVE HAD A FULL OPPORTUNITY TO LITIGATE, AND THEY'RE GOING TO BE EITHER RES JUDICATA OR COLLATERALLY ESTOPPED FROM ARGUING INFRINGEMENT.

IF THAT LITTLE COMPONENT FORMS THE BASIS OF THE NON-INFRINGEMENT FINDING, THAT COMPONENT DOESN'T CHANGE WITHIN THE CLIP, EVEN IF IT'S IN A DIFFERENT CHIP IN THE FUTURE, THEY'RE GOING TO BOUND BY THE COURT'S CLAIM CONSTRUCTION, BOUND BY FINDINGS OF VALIDITY OR INVALIDITY FOR FINDINGS OF INFRINGEMENT OR NON-INFRINGEMENT HOW THE PROCESS WORKS OR OPERATES OR WAS PERFORMED.

THE COURT: THERE MAYBE OTHER PARTIES INVOLVED. ARE YOU TRYING TO -- THAT WERE NOT PARTIES TO THIS LITIGATION.

MR. SCHWARTZ: BUT THEY'RE OUR CUSTOMERS. IT'S GREENLIANT'S OTHER SALES AFFILIATES. FINDING OF NON-INFRINGEMENT IN THE CASE WOULD ABSOLUTELY PROTECT ALL OUR CUSTOMERS AND ANYBODY IN OUR CHAIN THAT SELLS IT OR MAKES IT.

THE COURT: ANY REASON WHY YOU CANNOT COME UP WITH LANGUAGE THAT DEALS WITH ALL OF IT?

MR. BRAGALONE: THIS ISN'T A NEGOTIATED COVENANT AS YOU WOULD HAVE IN A SETTLEMENT AGREEMENT. HE'S TALKING ABOUT TWO DIFFERENT THINGS.

WE RECEIVED NO CONSIDERATION FOR PROVIDING THIS COVENANT NOT TO SUE. THIS COVENANT NOT TO SUE IS MORE THAN ADEQUATE. ITS CLAIM DOESN'T COVER ITS CUSTOMER, MY GOODNESS, SAYS IN BLACK AND WHITE ITS CUSTOMERS, ANY PRODUCT OR PROCESS.

THE COURT: WHAT DO YOU WANT ME TO DO?

YOU CAN, YOU KNOW, IF YOU CAN'T NEGOTIATE IT, THAN WHAT ARE WE -- HAVE TO LITIGATE IT?

MR. BRAGALONE: NO, YOUR HONOR. BECAUSE THE LAW REQUIRES THAT THERE BE A REASONABLE APPREHENSION OF SUIT. IT IS THEIR BURDEN OF THIS PARTY, GREENLIANT TO COME FORWARD AND TO ESTABLISH THAT THERE IS AN ACTUAL CASE OR CONTROVERSY.

THEY HAVE THE RESPONSIBILITY AS DECLARATORY JUDGMENT PLAINTIFF TO SHOW THAT ACTUAL CASE OR CONTROVERSY EXISTS. THE LAW IS ABSOLUTELY CLEAR.

**MR. SCHWARTZ:** ACTUALLY, WHAT THE LAW SAYS --

**MR. BRAGALONE:** MAY I FINISH?

**THE COURT:** YES, LET HIM FINISHED.

**MR. BRAGALONE:** THIS COVENANT NOT TO SUE DIVESTS THIS COURT OF JURISDICTION OVER THIS PARTY. AND, YOUR HONOR, WE BELIEVE THIS IS VERY BROAD AND IT COVERS ALL PARTIES INVOLVED IN THE MANUFACTURING PROCESS.

BUT CERTAINLY GREENLIANT CANNOT COME BEFORE THIS COURT AND CLAIM THAT IT HAS AN APPREHENSION OF SUIT BECAUSE IT NOW HAS A COVENANT NOT TO SUE. THIS COURT SIMPLY HAS NO JURISDICTION.

**THE COURT:** IS THAT GOOD ENOUGH, EVEN IF THEY DON'T AGREE TO IT?

**MR. BRAGALONE:** ABSOLUTELY, YOUR HONOR. THERE'S NO REQUIREMENT THAT A COVENANT NOT TO SUE BE NEGOTIATED. THAT'S JUST PREPOSTEROUS.

**THE COURT:** WOULDN'T IT MAKE A LOT MORE SENSE TO DO THAT, THOUGH, SO THAT WOULDN'T BE IN THIS SITUATION?

**MR. BRAGALONE:** YOUR HONOR --

**THE COURT:** THE COURT ESSENTIALLY HAVING TO LITIGATE WHETHER OR NOT IT SATISFIES THE APPLICATIONS OF THE COVENANT NOT TO SUE.

**MR. BRAGALONE:** WE'RE HAPPY TO BRIEF IT, BUT LITERALLY THE ONLY REQUIREMENT FOR THIS COURT TO BE DIVESTED OF JURISDICTION, IS THAT WE COVENANT NOT TO SUE THE PLAINTIFF

PERIOD.  AND THE FACT --

**THE COURT:**  OKAY.  NOW WE'RE TALKING ABOUT A MOTION, AND IF YOU WANT TO BRING IT ON AS A MOTION YOU CAN DO IT.

I SUPPOSE, IT WOULD SEEM TO ME IT WOULD BEHOOVE YOU IF YOU REALLY WANT TO GET THE LITIGATION RESOLVED AND NOT JUST KEEP GOING ON, THAT YOU COME TO SOME AGREEMENT.

AND I CAN SEND YOU OUT TO A SETTLEMENT CONFERENCE WITH ONE OF THE MAGISTRATE JUDGES, OR WITH SOMEBODY AT JAMS, OR COME UP WITH AN AGREEMENT.

**MR. BRAGALONE:**  THEY HAVEN'T EVEN IDENTIFIED ANOTHER PARTY, SAY, PARENT THAT'S EVEN INVOLVED IN THE MANUFACTURE --

**THE COURT:**  YOU WANT TO BRING A MOTION, THEN YOU'LL HAVE TO FILE YOUR MOTION.

**MR. BRAGALONE:**  AND, YOUR HONOR, WE CAN DO THAT, BUT WE WOULD ALSO LIKE FOR THE PLAINTIFF TO FILE THE ENTRY OF JUDGMENT BASED ON CLAIMS 12 AND 13.  WE AGREE THAT THAT'S BEEN DISPOSED OF.  SO THE COURT SHOULD ENTER JUDGMENT ON THOSE CLAIMS.

**MR. SCHWARTZ:**  MAY I, YOUR HONOR?

**THE COURT:**  WELL, BUT WOULD HAVE TO BE A 54(B) JUDGMENT.

**MR. BRAGALONE:**  ACTUALLY, NO, WE'LL FILE A MOTION TO DISMISS THE REMAINDER.  THERE IS NO CASE OR CONTROVERSY OVER THE REMAINDER.

**THE COURT:**  THAT'S WHAT YOU OUGHT TO DO.

**MR. SCHWARTZ:** YOUR HONOR, ALL OF THESE CASES THAT I'VE EVER SEEN ARE FOR THE PATENTEE FILING A MOTION TO DISMISS, EITHER ONLY A DECLARATORY JUDGMENT CLAIM, IF THAT'S ALL THAT EXISTS OR -- THE DECLARATORY JUDGMENT CLAIM AND THE INFRINGEMENT CLAIM OR COUNTERCLAIM.

THAT IS HOW THE COVENANT NOT TO SUE IS LODGED WITH THE COURT, SO TAKES CARE OF WHETHER THERE'S CONSIDERATION FOR US, OR FOR THE PATENT HOLDER, OR THE PUNITIVE INFRINGER.

IT TAKES CARE OF THE ISSUE AS TO WHETHER IT'S BINDING AND ENFORCEABLE DOWN THE ROAD, AS WELL AS OBVIOUSLY KIND OF UNILATERAL PROMISE.

ALL OF THESE CASES THAT THEY'RE TALKING ABOUT, THAT'S THE POSTURE OF THIS CASE, WE'RE IN FRONT OF THE COURT.  ALL OF THEM.  I'M NOT TRYING TO CREATE WORK FOR THE COURT.  I THINK, THIS CAN BE NEGOTIATED.  IT'S REALLY SIMPLE.

I HAVE NO IDEA WHAT THE RESISTANCE IS TO JUST SOME BASIC DRAFTING, WORD SMITHING THAT OUR LAWYERS DO ON A DAILY BASIS.  WHAT'S GOING ON HERE, XICOR WANTS TO USE THIS CASE TO GET IT'S -- THE COURT'S SUMMARY JUDGMENT UNDER THE SST CASE UP ON APPEAL.

**MR. BRAGALONE:** ABSOLUTELY.

**MR. SCHWARTZ:** AS ALL IT WANTS TO DO.  WANTS TO USE THIS CASE AS A VEHICLE FOR THAT.  I WAS NOT THERE.  AS I UNDERSTAND THAT HAPPENS SST IS GOING TO NEED TO INTERVENE IN THE CASE.  SST GOING TO BE THE ONE DRIVING THAT APPEAL IN THE

CASE.  THAT SEEMS ENTIRELY INEFFICIENT TO ME.

**THE COURT:**  WELL, I'M GOING TO DO TWO THINGS.  FIRST OF ALL, IF YOU WANT TO PURSUE THIS AFTER THIS, ESSENTIALLY DEPRIVES THE COURT OF JURISDICTION WITH RESPECT TO CLAIMS 1 THROUGH 11 BECAUSE THE COVENANT NOT TO SUE, THEN YOU HAVE TO FILE A MOTION TO DISMISS WITH RESPECT TO CLAIMS 1 THROUGH 11.

I'M NOT GOING TO ENTER JUDGMENT WHEN IT'S JUST A PARTIAL JUDGMENT BECAUSE I HAVE TO MAKE A FINDING UNDER 54(B).  IF YOU GET A RULING THAT'S FAVORABLE, THEN JUDGMENT WILL BE ENTERED.

IF NOT, THEN I GUESS YOU GO TO WORK ON CLAIMS 1 THROUGH 11, IF YOU'RE REALLY GOING TO PROCEED ON THEM.

**MR. BRAGALONE:**  WE ALREADY TOLD THEM WE ARE.

**THE COURT:**  HOW LONG WILL IT TAKE?

MY CALENDAR, MY CASE LOAD IS GOING TO BE TRANSFERRED THE BEGINNING OF THE MONTH.  I'LL JUST GIVE YOU SOME DATES, BUT HOW SOON CAN YOU GET YOUR MOTION FILED?

**MR. BRAGALONE:**  IT WILL HAVE TO BE DRAFTED, YOUR HONOR, BUT I WOULD THINK WITHIN -- I THINK, WE CAN GET IT DONE VERY SHORTLY.

**THE COURT:**  30 DAYS.

**MR. BRAGALONE:**  EASILY, YOUR HONOR.  WE'LL HAVE IT ON FILE BEFORE THEN.

**THE COURT:**  30 DAYS TO FILE, THAT WOULD BE BY THE?

**THE CLERK:**  JUNE 23RD.

**THE COURT:** BY JUNE 23RD AND YOUR OPPOSITION WOULD BE DUE TWO WEEKS LATER.

**MR. BRAGALONE:** AND, YOUR HONOR, IF WE'RE ABLE TO FILE IT SOONER I WOULD LIKE TO FILE IT SOONER.

**THE COURT:** THE PROBLEM IS THAT THEN THEY'LL BE A DIFFERENT SCHEDULE, SO JUST STAY ON THIS SCHEDULE BECAUSE IT'S GOING TO BE A NEW JUDGE AND THAT JUDGE IS GOING TO HAVE TO GET INTO THE CASE AND SO FORTH.

**MR. BRAGALONE:** COULD WE HAVE A SHORTER TIME PERIOD? THERE'S REALLY NOT MUCH TO BRIEF HERE.  PERHAPS, TWO WEEKS AND THEN TWO WEEKS FOR THE RESPONSE?

WE'LL GET IT DONE VERY QUICKLY.  I'M CONCERNED THAT GREENLIANT APPEARS TO BE PROMOTING DELAY.  WE DON'T WANT TO DELAY, SO WE'LL FILE OUR MOTION TWO WEEKS FROM TODAY.

**THE COURT:** I DON'T KNOW THEY HAVE ANY REASON TO DELAY, BUT WHAT TWO WEEKS FROM TODAY?

**THE CLERK:** JUNE 6TH.

**THE COURT:** JUNE 6TH, OPPOSITION DUE THEN?

**THE CLERK:** JUNE 20TH.

**THE COURT:** JUNE 20TH.

**MR. SCHWARTZ:** THAT'S FINE.

**THE COURT:** THEN JUNE 27TH FOR THE REPLY AND THE JUDGE WILL HAVE TO SET THE HEARING DATE.  ORDINARILY WOULD BE TWO WEEKS LATER, WHICH WOULD BE APPROXIMATELY WHAT DATE?

**THE CLERK:** JULY 11TH.

THE COURT:  JULY WHAT?

THE CLERK:  11TH.

THE COURT:  JULY 11TH, BUT A LOT OF JUDGES WHO DON'T HAVE THERE LAW AND MOTION ON MONDAY, SO I DON'T KNOW HOW THAT WORKS OUT.  OKAY.

MR. SCHWARTZ:  FAIR ENOUGH.

THE COURT:  SO YOU'LL GET A NOTICE WHAT HAPPENS, THE ORDERS THAT GO OUT SAY ALL DATES ARE VACATED.  IN THE MEANTIME CAN YOU AGREE UPON A MEDIATOR FROM JAMS?

MR. BRAGALONE:  WE HAVEN'T DISCUSSED IT, YOUR HONOR, BUT I DON'T BELIEVE THERE'S REALLY ANYTHING LEFT TO MEDIATE.

THE COURT:  WELL MAYBE THEN YOU CAN WORK OUT SOME KIND OF AGREEMENT WITH RESPECT TO THIS COVENANT NOT TO SUE YOU WANT TO DESPERATELY IMPOSE.

MR. BRAGALONE:  I INTEND TO PULL MR. SCHWARTZ ASIDE AS SOON AS WE CONCLUDE, YOUR HONOR, AND FIND OUT IF WE CAN'T DECIDE IT RIGHT HERE AND NOW RATHER THEN HAVING TO FILE ANY MOTION.

THE COURT:  THAT'S FINE.  THAT'S FINE.

MR. SCHWARTZ:  FAIR ENOUGH.

THE COURT:  BUT IF YOU CAN'T DO IT, THEN LET MR. BOWSER KNOW WITHIN A WEEK THAT YOU CAN'T AND IF YOU HAVE A CHOICE, OTHERWISE I'LL SEND YOU OUT.

MR. SCHWARTZ:  I'M AMENABLE TO THAT.

THE COURT:  JUDGE INFANTE WILL KNOCK YOUR HEADS WITH

THAT.

          **MR. SCHWARTZ:**  I'M VERY FAMILIAR WITH THE HONORABLE JUDGE INFANTE.  CONGRATULATIONS, YOUR HONOR.

          **THE COURT:**  NO NONSENSE INFANTE.

          **MR. SCHWARTZ:**  CONGRATULATIONS, YOUR HONOR.  I FEEL LIKE THE KISS OF JUDICIAL RETIREMENT, JUDGE WALKER RETIRED ON ME, TOO.  CONGRATULATIONS.

          **THE COURT:**  THANK YOU.

          **MR. BRAGALONE:**  THANK YOU.

          **MR. SCHWARTZ:**  THANK YOU.

          (PROCEEDINGS ADJOURNED.)

CERTIFICATE OF REPORTER

I, THE UNDERSIGNED, HEREBY CERTIFY THAT THE FOREGOING PROCEEDINGS WERE REPORTED BY ME, A CERTIFIED SHORTHAND REPORTER, AND WERE THEREAFTER TRANSCRIBED UNDER MY DIRECTION INTO TYPEWRITING; THAT THE FOREGOING IS A FULL, COMPLETE AND TRUE RECORD OF SAID PROCEEDINGS.

I FURTHER CERTIFY THAT I AM NOT OF COUNSEL OR ATTORNEY FOR EITHER OR ANY OF THE PARTIES IN THE FOREGOING PROCEEDINGS AND CAPTION NAMED, OR IN ANY WAY INTERESTED IN THE OUTCOME OF THE CAUSE NAMED IN SAID CAPTION.

THE FEE CHARGED AND THE PAGE FORMAT FOR THE TRANSCRIPT CONFORM TO THE REGULATIONS OF THE JUDICIAL CONFERENCE.

FURTHERMORE, I CERTIFY THE INVOICE DOES NOT CONTAIN CHARGES FOR THE SALARIED COURT REPORTER'S CERTIFICATION PAGE.

IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND THIS 30TH DAY OF JUNE, 2011.

/S/  JAMES YEOMANS

_____

JAMES YEOMANS, CSR, RPR