UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREENLIANT SYSTEMS, INC.,

        Plaintiff,

v.

XICOR LLC,

        Defendant.

No. C-11-0631 EMC

**ORDER GRANTING DEFENDANT'S MOTION TO CLARIFY THE RECORD**

**(Docket No. 35)**

      This matter has come before the Court on the motion of Defendant Xicor LLC ("Xicor") for an Order, pursuant to Rule 60 of the Federal Rules of Civil Procedure and Rule 10 of the Federal Rules of Appellate Procedure, to clarify the district court record, and the Court has considered the moving papers and all other arguments and papers.

### I. BACKGROUND

      Judgment was entered in this case as of June, 22, 2011, Docket No. 31, pursuant to the parties' stipulation of June 6, 2011, Docket No. 22. The parties stipulated to be bound by the Court's order of March 21, 2011 in a related matter, *Silicon Storage Technology, Inc. v. Xicor LLC*, No. CV 10-1515 (the "*SST Matter*"), which granted summary judgment to Silicon Storage Technology ("SST") as to claims 12 and 13 of the '370 patent because they are invalid under the rule against recapture. *SST Matter*, Docket No. 76 ("March 21 Order").[1] Specifically, the parties in

---

[1] The *SST Matter* and the current case have been deemed related, Docket No. 6; both involve declaratory judgment claims for non-infringment of Xicor patent '370. The *SST Matter* began on April 9, 2010, when SST filed a declaratory judgment action against Xicor for noninfringment of the '370 patent. While the parties' cross-motions for summary judgment regarding the validity of claims 12 and 13 were pending, Greenliant filed the instant case involving the same '370 patent.

this case stipulated "that the March 21 Order applies equally in this case and should be entered herein." Docket No. 31 at 3. Under the stipulation, Xicor expressly reserved the right to "contest on appeal any and all factual or legal findings of the Court's March 21 Order, and to urge or contest on appeal any basis for reversal of the March 21 Order." Docket No. 31 at 4. The parties also stipulated to permit SST to intervene in this case post-judgment "in order to allow SST to participate in Xicor's anticipated appeal of a judgment entered in favor of Greenliant." Docket No. 30 at 2:4-5. SST's intervention was solely "for the limited purpose of participating in the appeal from the judgment entered in this action." *Id*. at 3.

In the pending motion, Xicor seeks to clarify and correct the record for purposes of appeal. Specifically, it seeks to add the March 21 Order along with additional supporting documents from the *SST Matter* – which formed the basis for the Court's March 21 Order – into the record in this case. Greenliant does not oppose including the March 21 Order in the record here, though it characterizes such a move as "unnecessary" because the stipulated judgment already explicitly refers to and incorporates that document. Docket No. 51 at 2. With respect to the additional documents beyond the March 21 Order, Greenliant contends that this issue is more that "a simple matter of 'housekeeping'" because unlike the Order, the parties had never discussed or agreed to including the prosecution histories in the record for the instant case. Docket No. 51 at 2. However, it does not explicitly oppose any portion of the motion; rather, it characterizes the dispute over other documents from the SST Matter to be "an issue between SST and Xicor." *Id*. at 3.

SST opposes the motion. Docket No. 49. Though it does not oppose the Court's entry of the March 21 Order "[t]o the extent this Court determines that, in entering the stipulated judgment between Greenliant and Xicor, it intended for the Memorandum and Order from the [*SST Matter*] matter to also be entered on the docket of this case," *id.* at 1, it opposes any attempt to further augment the record with additional documents from the *SST Matter*. It argues that Xicor is

---

The Court then granted summary judgment in favor of SST in the *SST Matter* on March 21, finding that claims 12 and 13 were invalid because they violated the rule against recapture. *SST Matter*, Docket No. 76. However, the summary judgment order did not resolve all issues in that litigation, as Xicor still contended that it may have additional infringement claims against SST. Though Xicor wanted to take an interlocutory appeal of the summary judgment order, Judge Patel instead ordered the parties to engage in limited new discovery so that Xicor could disclose what additional infringement claims it wanted to pursue against SST.

2

1 attempting to appeal the substance of the March 21 Order through this case. Such a strategy is
2 inappropriate, according to SST, because this is a separate and distinct action and because the Order
3 is not currently appealable through the *SST Matter*. *Id*. at 6-8. Therefore, SST contends that Xicor's
4 current attempt to augment the record in this case is merely an improper effort to conduct an "end-
5 run around the final judgment rule" by appealing orders from the *SST Matter* through this case.
6 Docket No. 49 at 2. SST intends to argue that the Federal Circuit lacks jurisdiction in this matter to
7 hear an appeal on the merits of the Court's March 21 Order. *See* Docket No. 49 at 7. Furthermore,
8 if the Court decides to grant Xicor's motion, SST argues that its choice of documents to include in
9 the record is self-serving. Therefore, SST requests that the Court enter additional documents into
10 the record along with the documents Xicor has identified. Docket No. 49, Miller Decl. at 2.

## II.  DISCUSSION

Under Federal Rule of Civil Procedure 60(a), "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice."[2] The Court has "very wide latitude" to correct the record according to its original intent. *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987). Furthermore, Rule 10(e) of the Federal Rules of Appellate Procedure authorizes the district court to correct or modify the record to "truly disclose[] what occurred in the district court" and to correct any "omission or misstatement" in the record).

In this case, the stipulated judgment, Docket No. 31, makes clear that the March 21 Order was intended to be included in the record. Indeed, it states that the Order "should be entered" into the record. *Id.* at 3. Thus, the Court finds that it should be added to the record in this case, as it was

---

[2] The Court notes that a notice of appeal has been filed on July 22, 2011. Docket No. 58. This does not divest the court of jurisdiction to consider the current motion because it was already pending and was filed within 28 days of final judgment. *See* Fed. R. App. P. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment – but before it disposes of any motion listed in Rule 4(a)(4)(A) [including any motion for relief under Rule 60] – the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered."); Fed. R. App. P. 4(a)(4)(A) (providing 28 days to file motion for relief under Rule 60); *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1109 (9th Cir. 2001) ("Once a notice of appeal takes effect, the district court loses jurisdiction over the matter placed before the appellate court. The notice of appeal in this case did not, however, divest the district court of jurisdiction at the time it was filed because there was then a pending motion for reconsideration.") (citing Fed. R. App. P. 4(a)(4)(B)(i)).

only left out through an error of omission. Moreover, because the purpose of the stipulated judgment was for the parties to be bound by the March 21 Order and for Xicor to "contest on appeal any and all factual or legal findings of the Court's March 21 Order, and to urge or contest on appeal any basis for reversal of the March 21 Order," Docket No. 31 at 4, the merits of the March 21 Order is at issue on the appeal. The Court determines in its discretion that these factual and legal bases for the order should have been included in the record to facilitate an appeal on those issues. If Xicor is to raise "any basis for reversal of the March 21 Order," *id.*, then by necessity it must refer to the underlying bases for the Court's March 21 Order.

SST makes much of Xicor's supposed gamesmanship in this case, but fails to demonstrate how it would suffer any prejudice should the appeal go forward on the merits of the March 21 Order. SST is now a party for purposes of appeal and will be able to raise any jurisdictional or other claims regarding the March 21 Order to the Federal Circuit. Indeed, as the parties stipulated, the purpose of its intervention in this action is to "participat[e] in Xicor's anticipated appeal of the March 21 Order." Docket No. 30 at 2. Thus, SST's claim that the substance of the March 21 Order is not properly the subject of an appeal in this case is unavailing. The only potential source of prejudice to which SST can point is if the Court were to enter only documents from the *SST Matter* chosen by Xicor, without also entering the supplemental documents SST requests. Docket No. 49 at 10. Thus, any potential prejudice can be averted by means of a more complete, not a less complete, record.

The supplementation of the record herein is without prejudice to any party contesting the relevance of any document so ordered. It is also without prejudice to SST's ability to assert arguments as to the merits of the appeal (including jurisdictional argument). These are matters for the Court of Appeals.

### III.   **CONCLUSION**

Therefore, based on the Court's review of the parties' moving papers, and for the foregoing reasons, Xicor's Motion to Clarify the Record is **GRANTED**. The Court hereby clarifies that the June 22, 2011 Judgment (Docket No. 31) is based on the legal and factual findings contained in the Court's March 21, 2011 Order from *Silicon Storage Technology, Inc. v. Xicor LLC*, No. CV 10-1515, Docket No. 76, which held that claims 12 and 13 of the '370 patent are invalid under the rule

against recapture. The Clerk is ordered to enter the March 21 Order as part of the record herein. The Court finds that the materials on which the Court's March 21 Order is based should also be made part of this record.

Furthermore, the Clerk is therefore ordered to enter docket entries 47-50, 55-57, 59, 60, and 76 from *Silicon Storage Technology, Inc. v. Xicor LLC*, No. CV 10-1515, into the record in this case.

It is further ordered that, pursuant to SST's request, the Clerk should also enter the following additional docket entries from *Silicon Storage Technology, Inc. v. Xicor LLC*, No. CV 10-1515, into the record: 1, 15, 16, 32, 33, 38-46, 54, 63-65, 67, 71, 72, 77, 79, 82, 83, 85, 86, 87-89, 91-94.

It is further ordered that SST's *ex parte* motion to file a surreply to Xicor's motion to clarify the record is **DENIED**. SST fails to provide a basis under Local Rule 7-10 for its *ex parte* motion. Furthermore, the Court finds that Xicor's reply in support of its motion to clarify the record does not introduce any new evidence that would warrant supplementary material under Local Rule 7-3(d). Moreover, because the Court has discretion under Rule 60(a) to correct the record *sua sponte*, whether Xicor raised improper arguments in its reply is immaterial.

This order disposes of Docket Nos. 35 and 55.

IT IS SO ORDERED.

Dated: August 1, 2011

_____
EDWARD M. CHEN
United States District Judge